UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DONELL DAVIS, | ) |
| Petitioner, | ) |
| v. | ) No. 1:19-cv-02985-JRS-TAB |
| WENDY KNIGHT, | ) |
| Respondent. | ) |

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate Donell Davis petitions for a writ of habeas corpus challenging a prison disciplinary sanction imposed in disciplinary case number CIC 19-05-0240. For the reasons explained in this Order, Mr. Davis's habeas petition is **denied**.

**A.   Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On May 19, 2019, Indiana Department of Correction (IDOC) Correctional Officer Azzam wrote a Report of Conduct charging Mr. Davis with tampering with a locking device, a violation of the IDOC's Adult Disciplinary Code offense B-226. The Report of Conduct states:

> On 5-18-19 at approx. 11:55 PM, I, Ofc. Azzam #226, was performing a security check, and noticed cell 25-4A was cracked open. When I, ofc. Azzam #226, checked the cell, ofd. Davis, Donnell #201463 25B-4A was missing. Further more, A white sock was being used to block the locking device. At the time of the incident, All the cells on the 2/4 side of A-Unit should have been locked and secured. Ofd. Davis, Donell #201463 25B-4A had to have tampered with his lock and got out of his cell. When I, ofc. I. Azzam #226 and ofc. M. Riley #164 asked ofd. Davis, Donell #201463 25B-4A about the sock, ofd. Davis, Donell #201463 25B-4A claimed that it was his and refused to sign the "notice of confiscated property."

Dkt. 7-1 [sic]. A photograph of the sock, the notice of confiscated property, and the evidence record log were included with the conduct report. Dkt. 7-2.

Mr. Davis was notified of the charge on May 22, 2019, when he received the Screening Report and a copy of the conduct report. Dkt. 7-3. He pleaded not guilty, requested a statement from inmate Jesse Bogard, but did not ask for evidence. *Id.*

A hearing was held on June 11, 2019. Inmate Bogard's written statement was "I never heard anything said about a sock. I was standing at my door the whole time." Dkt. 7-7. Mr. Davis's statement at the disciplinary hearing was that (a) a supervisor's signature "should be AM"; (b) a notice of the hearing being postponed is not dated; (c) his IDOC number is wrong in the top box; (d) he was in an unauthorized area when the officer came to the cell door; and (e) "there was no sock in the door, absolutely no sock." Dkt. 7-6. Officer Riley, who was with Officer Azzam when Mr. Davis was asked about the sock, gave a written statement that he heard Mr. Davis admit that the sock was his property. Dkt. 7-8.

The hearing officer reviewed a video surveillance recording of the incident and wrote that he saw a sock taken by the officer at 11:55 p.m. Dkt. 7-6. The hearing officer considered the video evidence, staff reports, and Mr. Davis's statement, and concluded that Mr. Davis was guilty of the offense. *Id.* The sanctions imposed included a ninety-day earned-credit-time deprivation and a credit class demotion. *Id.*

Mr. Davis appealed to the Facility Head and the IDOC Final Reviewing Authority, but neither appeal was successful. Dkts. 7-9 & 7-10. The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 followed.

**C.     Analysis**

Mr. Davis presents four grounds for habeas corpus relief, but unfortunately for him, none of the grounds are cognizable federal constitutional claims. First, Mr. Davis seeks habeas corpus relief because his IDOC identification number shown on the conduct report is wrong. Dkt. 1 at 3-4. Second, on the form used to document a postponement of the disciplinary hearing, there is no date given for a new hearing, an error Mr. Davis contends warrants habeas corpus relief. *Id.* at 4. Third, because a supervisor's signature on the conduct report may contain an incorrect time of day, Mr. Davis contends his due process rights have been violated. *Id.* at 5. Fourth, Mr. Davis alleges that Officer Riley's statement was not signed by a witness on the same day it was made, thus making the statement unusable against him. *Id.*

The Warden has responded and first argues that Mr. Davis did not exhaust his administrative remedies on all of his grounds for relief. Dkt. 7 at 6. Mr. Davis admits as much when he includes in his petition an assertion that his fourth ground for relief was not included in his administrative appeals because he only realized the issue after he had completed those appeals. Dkt. 1 at 6. Mr. Davis did not file a reply to the Warden's return.

It is not necessary for the Court to address the procedural default issue because it is more judicially expedient to note the fact that none of Mr. Davis's grounds for relief are federal constitutional claims. In *Lambrix v. Singletary*, 520 U.S. 518, 524 (1997), "the Supreme Court noted that its cases have 'suggest[ed] that the procedural-bar issue should ordinarily be considered first.' Nevertheless, added the Court, it did 'not mean to suggest that the procedural-bar issue must invariably be resolved first; only that it ordinarily should be.'" *Brown v. Watters*, 599 F.3d 602, 609–10 (7th Cir. 2010) (quoting *Lambrix*, 520 U.S. at 525).

Turning to the substance of Mr. Davis's claims, all four grounds concern simple scrivener's errors on the disciplinary case paperwork. When the conduct report listed an incorrect IDOC number for Mr. Davis, it did not prejudice him or violate his due process rights. The identity of the inmate being charged with tampering with the lock was not in question. Mr. Davis did not defend against the charge on that basis – e.g., by claiming a different inmate was charged – and nothing in the record suggests that there was any doubt about Mr. Davis being the correct inmate charged with the rule violation.

When the postponement form was completed, all applicable boxes were filled in. There is no box or line to fill in a new hearing date. Mr. Davis is only entitled to 24 hours notice between the time he is notified of the charge and when the disciplinary hearing is held. Mr. Davis was informed of the charge on May 22, 2019, and the hearing was held June 11, 2019, well more than 24 hours later. Mr. Davis had 19 days to prepare his defense. There is no due process violation on this basis. *See Hill*, 472 U.S. at 454 (due process satisfied with at least 24 hours advance notice of the charge); *Wolff,* 418 U.S. at 563-67 (same).

If Mr. Davis's second ground for relief is construed in the same context that he presents his other claims, he is arguing that the failure to provide him with a new hearing date at the time

4

of postponement is *per se* a violation of his due process rights. It is not. Even if it is a violation or departure of IDOC policies or guidelines, which Mr. Davis has not identified, it is nevertheless not a cognizable ground for habeas corpus relief.

Indeed, a violation of prison policy, rules, or regulations is not cognizable in federal court and cannot be a basis for habeas relief. *See Williams v. Hyatte*, 770 F. App'x 285, 286 (7th Cir. 2019) (holding that "a violation of prison policy is a state-law matter and thus cannot provide a basis for federal habeas relief") (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 & n.2 (1991); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review.").

The third ground for relief – that a supervisor's signature in "signing off" on the report could not be correct – is also, at most, a scrivener's error and perhaps a departure from IDOC procedures. For the reasons explained above, it is not a constitutional claim. If it challenges the credibility of the supervisor, the erroneously listed time is harmless because the supervisor provided no evidence for the disciplinary hearing. If there was any error, it was harmless. *See Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (applying harmless error doctrine to prison disciplinary proceedings); *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003).

Finally, Mr. Davis's fourth ground for relief concerns a failure to have Officer Riley's statement signed by a witness. If a witness signature is required on this form – and Mr. Davis does not point to any IDOC regulation or Indiana law that says as much – it would be a state matter that

5

does not create federal due process rights. *Hyatte*, 770 F. App'x 285 at 286. Also, even without Officer Riley's statement, Officer Azzam's conduct report provided the same evidence.

None of the four grounds for relief asserted by Mr. Davis concern a violation of federal constitutional due process rights. *Hill*, 472 U.S. at 454; W*olff,* 418 U.S. at 563-67. For this reason, Mr. Davis's petition for a writ of habeas corpus is **denied**.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Davis to the relief he seeks. Accordingly, Mr. Davis's petition for a writ of habeas corpus is **denied** and this action is **dismissed** with prejudice. Final judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 4/7/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Donell Davis
201463
Correctional Industrial Facility
Inmate Mail/Parcels
5124 West Reformatory Road
Pendleton, IN 46064

Abigail Recker
Indiana Attorney General
abigail.recker@atg.in.gov